KEVIN K. CHOLAKIAN (S.B. #103423)
MAURA K. GIBSON (S.B. #221132)
CHOLAKIAN & ASSOCIATES
A Professional Corporation
5 Thomas Mellon Circle, Suite 105
San Francisco, CA 94134
Phone (415) 467-8200
Fax (415) 467-8206
http://www.lawyers.com/cholakian

Attorneys for
Defendant Balbir Singh dba West Valley Cab Co.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>    Plaintiffs,<br><br>vs.<br><br>BALBIR SINGH individually and dba WEST VALLEY CAB; DHARAM SINGH, and individual; ANIL SOOD, an individual and dba AASK INSURANCE SERVICES; MICHAEL and ALICE SHERBURNE, individuals; and THAC DINH TE, and individual,<br><br>    Defendants. | Case No. CV 04-00021 JF<br><br>**ANSWER OF DEFENDANT, BALBIR SINGH, an individual and dba WEST VALLEY CAB; TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF; FRAUD; RECISSION, or in the alternative, REFORMATION; NEGLIGENCE; and UNFIAR COMPETITION** |

Defendant BALBIR SINGH individually and dba WEST VALLEY CAB CO., (hereinafter "defendant") answers the Complaint of the Plaintiff herein as follows:

1. As to Paragraph 1 of the Complaint, Defendant admits that CERTAIN UNDERWRITERS is seeking a Declaration from the court as to the rights and duties of the parties under a Commercial Business Auto Certificate, Number LTX02040253 ("the policy").

1   Defendant admits that CERTAIN UNDERWRITERS seeks rescission of an endorsement to the
2   policy, and also asks the Court to determine that they have no duty to defend or indemnify
3   defendants BALBIR SINGH or DHARAM SINGH against liability for claims arising out of a
4   certain automobile accident; that defendants BALBIR SINGH, DHARAM SINGH and ANIL
5   SOOD committed fraud by concealing the existence of an accident that had occurred hours
6   before they applied to add DHARAM SINGH and his vehicle to an existing insurance policy;
7   that defendants BALBIR SINGH, DHARAM SINGH and ANIL SOOD furthered this fraud by
8   failing to reveal the existence of this accident after the endorsement adding DHARAM
9   SINGH'S vehicle to the policy was issued retroactive to the date of the accident; that defendants
10  BALBIR SINGH, DHARAM SINGH, and/or ANIL SOOD are obligated to reimburse
11  UNDERWRITERS for any sums paid by UNDERWRITERS to defendants or to underlying
12  claimants as the result of claims arising out of the automobile accident; that ANIL SOOD is
13  liable in damages as the result of his intentional or negligent failure to disclose the existence of
14  the accident, either before or after applying to add DHARAM SINGH and his vehicle to the
15  existing insurance policy; and that ANIL SOOD engaged in unfair competition, and is liable to
16  Plaintiff for restitution, costs, and attorneys fees.   Defendant denies that UNDERWRITERS is
17  entitled to rescission of an endorsement to the policy.   Defendant denies that
18  UNDERWRITERS has no duty to defend or indemnify defendants BALBIR SINGH or
19  DHARAM SINGH against liability for claims arising out of a certain automobile accident.
20  
21  Defendant denies that BALBIR SINGH, DHARAM SINGH, and/or ANIL SOOD committed
22  fraud by concealing the existence of an accident that had occurred hours before they applied to
23  add DHARAM SINGH and his vehicle to an existing insurance policy.  Defendant denies that
24  BALBIR SINGH, DHARAM SINGH, and/or ANIL SOOD furthered any fraud by failing to
25  reveal the existence of this accident after the endorsement adding DHARAM SINGH'S vehicle
26  to the policy was issued retroactive to the date of the accident.  Defendant BALBIR SINGH
27  denies that he, DHARAM SINGH, and/or ANIL SOOD are obligated to reimburse
28  UNDERWRITERS for any sums paid by UNDERWRITERS to defendants or to underlying

- 2 -
ANSWER of BALBIR SINGH, an individual and dba WEST VALLEY CAB,
TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF; FRAUD;
RECISSION or, in the alternative, REFORMATION; RESTITUTION;
NEGLIGENCE; and UNFAIR COMPETITION

claimants as the result of claims arising out of the automobile accident. Defendant denies, based on lack of information or belief, that ANIL SOOD is liable in damages as the result of his alleged intentional or negligent failure to disclose the existence of the accident, either before or after applying to add DHARAM SINGH and his vehicle to the existing insurance policy; and that ANIL SOOD engaged in unfair competition, and is liable to Plaintiff for restitution, costs, and attorneys fees.

2. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph two of the Complaint.

3. Defendant BALBIR SINGH admits that he is an individual who once did business as West Valley Cab. Defendant BALBIR SINGH admits that he owned some taxi cabs, and had contracts with independent contractors which allowed them to both to drive his cabs as well as their own owned cabs under the name "West Valley Cab". Defendant BALBIR SINGH admits that "West Valley Cab" had offices in Sunnyvale, California at the time of the accident giving rise to the underlying claims. Defendant BALBIR SINGH denies that he is now or ever was a resident of Sunnyvale, California. Defendant BALBIR SINGH admits that he was the Named Assured on the policy.

4. Defendant BALBIR SINGH admits that DHARAM SINGH is an individual. Defendant BALBIR SINGH admits that DHARAM SINGH owned and operated a single taxi cab at the time of the accident giving rise to the underlying claims. Defendant BALBIR SINGH denies that DHARAM SINGH'S cab was operated in the Sunnyvale, California area at the time of the accident giving rise to the underlying claims. Defendant BALBIR SINGH is informed and believes, and based on such information and belief, admits that DHARAM SINGH is a resident of San Jose, California.

5. Defendant BALBIR SINGH admits the allegations of paragraph five of the Complaint.

6. Defendant BALBIR SINGH has no information or belief sufficient to enable him to answer the allegations of paragraph six of the Complaint, and thereby denies said allegations on

those grounds.

7. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph seven of the Complaint.

8. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph eight of the Complaint.

9. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph nine of the Complaint.

10. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph ten of the Complaint.

11. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph eleven of the Complaint.

12. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph twelve of the Complaint.

13. Defendant is informed and believes, and based upon such information and belief, admits the allegations in paragraph thirteen of the Complaint.

14. Defendant is informed and believes, and based upon such information and belief, admits that the accident giving rise to the claims in this action took place on the evening of October 28, 2002. Defendant denies that the only drivers listed on the "Scheduled Driver Endorsement" included Harminder Singh (CA Drivers License No. B7218837), Vaisakhi Singh (CA Drivers License No.D2679161), Avtar Singh (CA Drivers License No. D3538505) Baldip Singh Sahota (CA Drivers License No. A9970625), BALBIR SINGH (CA Drivers License No. A4480599), Joginder Singh Bal (CA Drivers License No. D3105522), Jorowar Singh (CA Drivers License No.  B7677741) and Kulwinder Singh (CA Drivers License No.  B4415729), as the endorsement adding DHARAM SINGH was made retroactive to the date of the accident.

15. Defendant is informed and believes, and based upon such information and belief, denies the allegations in paragraph fifteen of the Complaint, as the endorsement adding DHARAM SINGH's 1995 Plymouth van, Vehicle Identification Number 179990, was made

retroactive to the date of the accident. .

16. Defendant BALBIR SINGH is informed and believes, and based upon such information and belief, admits that an accident occurred at approximately 7:00 P.M. in Milpitas, California, between a 1995 Plymouth van, vehicle number 179990, operated by defendant DHARAM SINGH, a motorcycle, operated by MICHAEL SHERBURNE, and a car being driven by THAC DINH TE. Defendant BALBIR SINGH is informed and believes, and based upon such information and belief, admits that the accident occurred when defendant DHARAM SINGH rear-ended MICHAEL SHERBURNE'S motorcycle, which in turn impacted the car being driven by THAC DINH TE. Defendant BALBIR SINGH informed and believes, and based upon such information and belief, admits that MICHAEL SHERBURNE suffered severe injuries, and his motorcycle was totaled. Defendant BALBIR SINGH is informed and believes, and based upon such information and belief, admits that MICHAEL SHERBURNE spent nearly three months in the hospital as a result of the accident, and incurred over $450,000.00 in medical bills. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that Defendant TE has complained of soft tissue injuries, or that his vehicle was totaled, and therefore denies the same.

17. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that Defendant ANIL SOOD, dba AASK Insurance Services, sent a handwritten fax to Underwriters' agent, requesting that the 1995 Plymouth van, vehicle number 179990, be added to policy number LTXA02040253, or that the same fax note also asked that DHARAM SINGH, Drivers License no. 3218726, be added as a driver, or that the note made no mention of the accident which had taken place three and a half hours earlier, and therefore denies the same.

18. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that information obtained by the Plaintiff from the California Department of Motor Vehicles revealed that the 1995 Plymouth van operated by DHARAM SINGH at the time of the accident was registered to "Dharam Singh dba West Valley Cab", and that said registration was filed on August 23, 2002, and therefore denies the same. Defendant BALBIR SINGH is

- 5 -
ANSWER of BALBIR SINGH, an individual and dba WEST VALLEY CAB, TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF; FRAUD; RECISSION or, in the alternative, REFORMATION; RESTITUTION; NEGLIGENCE; and UNFAIR COMPETITION

informed and believes, and based upon such information and belief, admits that DHARAM SINGH was the owner of the vehicle at the time of the accident.

19. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that UNDERWRITERS' agent declined to add DHARAM SINGH to the policy because the broker had not submitted a copy of Mr. SINGH'S motor vehicle record with the fax request. Defendant BALBIR SINGH admits that UNDERWRITERS' agent did issue an endorsement adding the 1995 Plymouth van, vehicle number 179990, to the "Covered Autos Limitation of Use Endorsement" with an effective date of 10/28/02. Defendant BALBIR SINGH SINGH is informed and believes, and based upon such information and belief, admits that said endorsement is entitled "Endorsement PS 16-A". Defendant BALBIR SINGH is informed and believes, and based upon such information and belief, admits that he did not inform Underwriters or their agents that the accident had occurred. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that ANIL SOOD or DHARAM SINGH informed Underwriters or their agents that the accident had occurred, and therefore denies the same. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that had these defendants not concealed the fact that the 1995 Plymouth van had been involved in an accident on 10/28/02, UNDERWRITER'S agent would not have issued an endorsement retroactive to October 28, 2002, and therefore denies the same.

20. Defendant BALBIR SINGH admits that Mr. and Mrs. SHERBURNE have made claims against BALBIR SINGH and DHARAM SINGH as a result of the accident of October 28, 2004. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that MR. TE has made a claim against BALBIR SINGH and DHARAM SINGH as a result of the accident of October 28, 2004, and therefore denies the same. Defendant BALBIR SINGH admits that Mr. and Mrs. SHERBURNE have filed an action for damages and loss of consortium now pending in the Superior Court for the County of Santa Clara. Defendant BALBIR SINGH admits that it is UNDERWRITERS' contention that they do not have responsibility to cover any damages assessed against defendants as a result of the Accident.

ANSWER of BALBIR SINGH, an individual and dba WEST VALLEY CAB, TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF; FRAUD; RECISSION or, in the alternative, REFORMATION; RESTITUTION; NEGLIGENCE; and UNFAIR COMPETITION

Defendant BALBIR SINGH is informed and believes, and based upon such information and belief, admits that upon receipt of Mr. TE'S claim for property damage, UNDERWRITERS negotiated and settled the claim. Defendant BALBIR SINGH is informed and believes, and based upon such information and belief, admits that upon discovering that a lawsuit had been filed against BALBIR SINGH and DHARAM SINGH, UNDERWRITERS assumed the defense of DHARAM SINGH. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that UNDERWRITERS has at all times reserved a right to withdraw the defense and deny indemnity based on a lack of coverage, and therefore denies the same. Defendant BALBIR SINGH admits that his defense was assumed by National Continental Insurance Company/Progressive Insurance Company.

21. Defendant repeats and re-alleges each and every admission, denial, and denial based on lack of information contained in paragraphs 1-20 as if fully set forth herein.

22. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 22, and therefore denies the same.

23. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 23, and therefore denies the same.

24. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 24, and therefore denies the same.

25. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 25, and therefore denies the same.

26. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that after receiving copies of Endorsement PS 16-A with an effective date of 10/28/02, none of the defendants took steps to correct the result of their fraudulent communication, and therefore denies the same. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that after receiving copies of Endorsement PS 16-A with an effective date of 10/28/02, the defendants sought benefits under the endorsement, and therefore denies the same. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that

ANIL SOOD also subsequently communicated with UNDERWRITERS' agents seeking benefits under the endorsement, and questioning the application of the SIR to the subject claims, and therefore denies the same. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that ANIL SOOD or DHARAM SINGH ratified fraudulent conduct of any kind, and therefore denies the same. Defendant BALBIR SINGH denies that he ratified fraudulent conduct of any kind.

27. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that ANIL SOOD or DHARAM SINGH committed any fraudulent acts or admissions which resulted in damage to UNDERWRITERS, and therefore denies the same. Defendant BALBIR SINGH denies that he committed any fraudulent acts or admissions which resulted in damage to UNDERWRITERS.

28. Defendant repeats and re-alleges each and every admission, denial, and denial based on lack of information contained in paragraphs 1-27 as if fully set forth herein.

29. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 29, and therefore denies the same.

30. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 30, and therefore denies the same.

31. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 31, and therefore denies the same.

32. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 32, and therefore denies the same.

33. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that after receiving copies of Endorsement PS 16-A with an effective date of 10/28/02, none of the defendants took steps to correct the result of their fraudulent communication, and therefore denies the same. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that after receiving copies of Endorsement PS 16-A with an effective date of 10/28/02, the defendants sought benefits under the endorsement, and therefore denies the same.

Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that ANIL SOOD also subsequently communicated with UNDERWRITERS' agents seeking benefits under the endorsement, and questioning the application of the SIR to the subject claims, and therefore denies the same. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit that ANIL SOOD or DHARAM SINGH ratified fraudulent conduct of any kind, and therefore denies the same. Defendant BALBIR SINGH denies that he ratified fraudulent conduct of any kind.

34. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 34, and therefore denies the same.

35. Defendant BALBIR SINGH denies the allegations of paragraph 35 of the Complaint.

36. Defendant repeats and re-alleges each and every admission, denial, and denial based on lack of information contained in paragraphs 1-20 as if fully set forth herein.

37. Defendant BALBIR SINGH denies the allegations of paragraph 37 of the Complaint.

38. Defendant BALBIR SINGH admits that UNDERWRITERS is seeking an adjudication of the respective rights, duties and obligations of the parties hereto with respect to the issues raised by the claim for Declaratory Relief. Defendant BALBIR SINGH admits that the court is vested with the power to declare and adjudicate the respective rights, duties, and obligations of the parties hereto with respect to the issues raised by the claim for Declaratory Relief. Defendant BALBIR SINGH denies that UNDERWRITERS has no obligation under the policy, including Endorsement PS 16-A, to defend or indemnify DHARAM SINGH or BALBIR SINGH in the underlying action or as against any claims related to the accident of October 28, 2002, and contends that such obligations do exist. Defendant BALBIR SINGH denies that UNDERWRITERS is entitled to a declaration that it has no duty to defend or indemnify DHARAM SINGH or BALBIR SINGH with relation to claims arising out of the accident of October 28, 2004.

39. Defendant repeats and re-alleges each and every admission, denial, and denial based on lack of information contained in paragraphs 1-38 as if fully set forth herein.

40. Defendant BALBIR SINGH denies the allegations of paragraph 40 of the Complaint.

41. Defendant BALBIR SINGH denies the allegations of paragraph 41 of the Complaint.

42. Defendant BALBIR SINGH denies the allegations of paragraph 42 of the Complaint.

43. Defendant BALBIR SINGH denies the allegations of paragraph 43 of the Complaint.

44. Defendant BALBIR SINGH denies the allegations of paragraph 44 of the Complaint.

45. Defendant repeats and re-alleges each and every admission, denial, and denial based on lack of information contained in paragraphs 1-44 as if fully set forth herein.

46. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 46, and therefore denies the same.

47. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 47, and therefore denies the same.

48. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 48, and therefore denies the same.

49. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 49, and therefore denies the same.

50. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 50, and therefore denies the same.

51. Defendant repeats and re-alleges each and every admission, denial, and denial based on lack of information contained in paragraphs 1-50 as if fully set forth herein.

52. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 52, and therefore denies the same.

53. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 53, and therefore denies the same.

54. Defendant BALBIR SINGH has no information or belief sufficient to enable him to admit the allegations of paragraph 54, and therefore denies the same.

### FIRST AFFIRMATIVE DEFENSE

55. Defendant BALBIR SINGH avers that even if found liable, that his degree of liability for the damages allegedly sustained by the Plaintiff be determined, and that he be held liable for only that portion of the total damages in proportion to his liability for the same.

### SECOND AFFIRMATIVE DEFENSE

56. Defendant BALBIR SINGH alleges that the injuries, loss and damage of which the Plaintiff complains, if any there were, were proximately caused by the acts and omissions of parties other than this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

57. Defendant BALBIR SINGH alleges that the Plaintiff's Complaint is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

58. Defendant BALBIR SINGH alleges that, as a result of Plaintiff's action or actions, and/or the action or actions of its authorized representative or representatives, it has waived any and all rights that might otherwise have been available to it under applicable law and is estopped to pursue any claim against this answering defendant.

WHEREFORE, this answering defendant prays for judgment as follows:

1) That Plaintiff take nothing by reason of its Complaint;

2) That this answering defendant be awarded costs of suit;

3) That this answering defendant be awarded their attorneys' fees pursuant to statute; and

//
//
//
//
//
//

| | |
|---|---|
| 1 | 4) That the court grant such other relief as it may deem proper. |
| 2 | DATED: August 30, 2004 |

                                                CHOLAKIAN & ASSOCIATES
A Professional Corporation

BY: _____
MAURA K. GIBSON
Attorneys for Defendant Balbir Singh, individually
and dba West Valley Cab Co.

- 12 -
ANSWER of BALBIR SINGH, an individual and dba WEST VALLEY CAB,
TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF; FRAUD;
RECISSION or, in the alternative, REFORMATION; RESTITUTION;
NEGLIGENCE; and UNFAIR COMPETITION

I, the undersigned, hereby declare that I am a resident of the United States, over the age of eighteen years and not a party to the within action. My business address is 5 Thomas Mellon Circle, Suite 105, San Francisco, California 94134. I am employed in the County of San Francisco where this service occurs. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U. S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served or caused to be served the within:

*ANSWER OF DEFENDANT BALBIR SINGH, an individual and dba WEST VALLEY CAB; TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, FRAUD, RECISSION, or in the alternative, REFORMATION; NEGLIGENCE; and UNFAIR COMPETITION*

on the interested parties to this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LISTING**

| | |
|---|---|
| ☒ | (BY MAIL) I caused such envelope(s), with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. |
| ☐ | (BY OVERNIGHT DELIVERY) By placing such sealed envelope, delivery fees paid, in a facility regularly maintained by an overnight delivery service for receipt of such documents. (CCP §1013) |
| ☐ | (BY FACSIMILE) By transmitting to a facsimile machine maintained by the recipient at the facsimile machine telephone number as last given by that person. |
| ☐ | (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s). See above. |
| ☒ | (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ☒ | (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction this service is made. |

Executed on September 1, 2004, at San Francisco, California.

_____
Leina Alcobendas

237 031

- 1 -

**PROOF OF SERVICE**

## SERVICE LIST

| | |
|---|---|
| Mark S. Collins, Esq.<br>Timothy K. Sprinkles, Esq.<br>COLLINS & SCHLOTHAUER<br>1818 The Alameda<br>San Jose, CA 95126-1731<br>Tel: (408) 298-5161<br>Fax: (408) 297-5766<br>Attorneys for Plaintiffs MICHAEL SHERBURNE and ALICE SHERBURNE | Jeremy Sugerman, Esq.<br>GORDON-CREED, KELLEY, HOLL & SUGERMAN, LLP<br>530 Jackson Street, 2nd Floor<br>San Francisco, CA 94133<br>Tel: (415) 421-3100<br>Fax: (415) 421-3150<br>Attorneys for Plaintiffs CERTAIN UNDERWRITERS AT LLOYD'S, LONDON |
| Samuel L. Phillips, Esq.<br>Kristin B. Frazier, Esq.<br>Mark W. Shem, Esq.<br>BORTON PETRINI & CONRON, LLP<br>99 Almaden Blvd., Ste 700<br>San Jose, CA 95113<br>Tel: (408) 535-0870<br>Fax: (408) 535-0878<br>Attorneys for DHARAM SINGH | |

LAW OFFICES OF
CHOLAKIAN & ASSOCIATES
A PROFESSIONAL CORPORATION
5 THOMAS MELLON CIRCLE, SUITE 105
SAN FRANCISCO, CALIFORNIA 94134