1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

** E-filed on 1/19/05 **

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, | Case Number C 04-00021 JF |
| Plaintiffs, | ORDER RE: SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| BALBIR SINGH, et al., | [Docket No. 38] |
| Defendants. | |

Plaintiffs Certain Underwriters at Lloyd's, London ("Underwriters") move for partial summary judgment. Underwriters' motion is opposed by Defendant Balbir Singh, individually and doing business as ("d.b.a.") West Valley Cab Co., ("Balbir Singh") and Defendants Michael Sherburne and Alice Sherburne (collectively "Sherburne Defendants"). The Court has read the moving and responding papers and has considered the oral arguments of counsel presented on January 14, 2005. As set forth below, the parties shall submit supplemental briefing to assist the Court in its determination as to whether it should grant Underwriters' motion.

At the time of the events giving rise to this lawsuit, Balbir Singh operated a company called West Valley Cab. He had no employees; instead, his drivers paid him a certain amount of money per week to lease cabs from him, if necessary, and to obtain insurance and cover other

1    expenses. He purchased insurance through Anil Sood ("Sood"), who was doing business as

2    AASK Insurance Services. Between February and April 2002, Sood applied for insurance on

3    behalf of Balbir Singh d.b.a. West Valley Cab.[1] The application was made to Evolution Insurance

4    Brokers Services, International, Inc. ("Evolution"), an insurance broker, which in turn presented

5    the application to Insurance Exchange Brokers Services ("IEBS"). IEBS underwrites insurance

6    coverage under authority from Underwriters. In July 2002, Underwriters issued a "Commercial

7    Business Auto Certificate" with Certificate Number LTXA02040253 ("the Underwriters policy")

8    and effective dates of April 16, 2002, through April 16, 2003. This insurance policy provided

9    liability coverage to Balbir Singh d.b.a. West Valley Cab for damages caused by an accident and

10   resulting from the ownership, maintenance, or use of a covered vehicle operated by an approved

11   driver. The policy also established Underwriters' duty to provide a defense with respect to a

12   claim covered by the policy.

13       Dharam Singh began driving for West Valley Cab in August 2002. He drove his own

14   1996 Plymouth van, with a Vehicle Identification Number ("VIN") of 1P4GP44R3TB179990.

15   Title to the van was in the name of "Dharam Singh, dba West Valley Cab." Dharam Singh paid

16   Balbir Singh $200 per week, and in return, pursuant to an oral agreement, he was to receive

17   liability insurance coverage. Balbir Singh testified that when Dharam Singh started driving for

18   West Valley Cab, Sood was given paperwork to add Dharam Singh and his van to the insurance

19   policy, and that afterward Sood told him that "everything [was] fine" with regard to obtaining

20   such coverage. Dharam Singh testified that, within a few days of beginning to drive for West

21   Valley Cab, he received an insurance card from Balbir Singh.[2] The "Insurance Identification

22   Card" to which he referred during his testimony states that it was issued by "Evolution Insurance

23   Brokers Specialty, Inc." for insured "Mr. Singh/West Valley Cab" under Policy Number

24   
_____

25       [1] The Court notes that some pages of the application materials bear different dates than
26   others. A declaration submitted by an employee of Insurance Exchange Brokers Services states
     that the application was submitted in April 2002.

27       [2] Balbir Singh testified that his nephew told him that he (i.e., the nephew) gave the
28   insurance card to Dharam Singh.

Case No. C 04-00021 JF
ORDER RE: SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC1)

1   LTXA02040253,[3] that it covered a 1996 Plymouth with the VIN 1P4GP44R3TB179990, and that

2   the dates of coverage were April 16, 2002, through April 16, 2003.

3         On the evening of October 28, 2002, Dharam Singh was driving his van when he rear-

4   ended a motorcycle driven by Michael Sherburne, which in turn collided with the back of an

5   automobile driven by Defendant Thac Dinh Te. All three vehicles sustained some degree of

6   damage, and Michael Sherburne allegedly suffered serious injuries requiring hospitalization and

7   resulting in hundreds of thousands of dollars of medical bills. Later that night, Evolution received

8   by fax a handwritten request on the letterhead of AASK Insurance Services, Sood's company,

9   directed to "Rosa" and requesting that Dharam Singh and a 1995 Plymouth with the VIN

10   1P4GP44R3TB179990 be added to the Underwriters policy. Then, on October 29 or 30, 2002,

11   IEBS received from Evolution a request to add Dharam Singh and a 1995 Plymouth with the VIN

12   1P4GP44R3TB179990 to the Underwriters policy. On October 30, 2002, IEBS issued an

13   endorsement adding the van to the policy, effective as of October 28, 2002, the date of the

14   request.[4] In July 2003, the Sherburne Defendants filed an action against Dharam Singh, Balbir

15   Singh, and Sood in Santa Clara Superior Court.[5] On January 5, 2004, Underwriters filed the

16   instant case in this Court alleging fraud, negligence, and unfair competition and seeking, among

17   other things, rescission of the endorsement adding Dharam Singh's van to the Underwriters

18   policy, restitution, compensatory damages, and declaratory relief with respect to the underlying

19   personal injury action by the Sherburne Defendants and claims arising out of the accident.

20         Underwriters move for partial summary judgment on a number of grounds, seeking "an

21   order that they are not obligated to defend or indemnify Balbir Singh, Dharam Singh, or any

22   other person for any losses or liabilities arising out of the motor vehicle accident between

23   Dharam Singh and Michael Sherburne, on October 28, 2002." A motion for summary judgment

24

25        [3] This policy number is the same as the certificate number for the Underwriters policy.

26        [4] Dharam Singh was not added to the policy, because no motor vehicle record was
received for him.

27
28        [5] As of the time of the briefing on the instant motion, trial in the underlying state lawsuit
was set for January 25, 2005.

Case No. C 04-00021 JF
ORDER RE: SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC1)

1 | should be granted if there is no genuine issue of material fact and the moving party is entitled to

2 | judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

3 | 242, 247-48 (1986). Material facts are those that might affect the outcome of the case under the

4 | governing law. *Anderson*, 477 U.S. at 248. There is a genuine dispute about a material fact if

5 | there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

6 |      Underwriters present numerous arguments as to why they are entitled to rescission or

7 | reformation of the endorsement adding Dharam Singh's van to the Underwriters policy. Among

8 | other things, Underwriters argue that Balbir Singh could not, under California law, purchase

9 | insurance for a loss that already had occurred; that no insurance contract was created as a result

10 | of the fax sent on October 28, 2002, because there was no meeting of the minds regarding the

11 | material fact of the accident that had occurred several hours earlier; and that Underwriters are

12 | entitled to rescission or reformation due to concealment of the material fact of the accident in the

13 | request for additional insurance coverage. All of Underwriters' arguments are premised on the

14 | assumed fact that the Underwriters policy did not cover Dharam Singh's van prior to the issuance

15 | of the endorsement dated October 30, 2002. However, Underwriters completely fail to address

16 | Dharam Singh's testimony that he received an insurance card evidencing coverage of his van

17 | within a few days of starting to drive for West Valley Cab, approximately two months before the

18 | accident.[6]

19 |      Combining Dharam Singh's testimony and evidence of the insurance card itself[7] with

20 | Balbir Singh's testimony that he asked Sood to add Dharam Singh and his van to the insurance

21 | policy in August 2002, the Court is not convinced that Underwriters have met their burden on

22 | summary judgment. No party explains how the insurance card could have existed and been in

23 |

24 |     [6] While no party discussed this testimony in its briefs as part its arguments regarding
25 | summary judgment (Balbir Singh and the Sherburne Defendants made only passing reference to
26 | it in their recitation of the facts), the Court cannot ignore it in ruling on Underwriters' motion for summary judgment.

27 |     [7] At oral argument, the Sherburne Defendants asserted that Dharam Singh presented the
28 | insurance card to the police at the time of the accident. However, they failed to identify specific evidence in the record to that effect.

4

1  Dharam Singh's possession months before the accident if there was no coverage.[8] The

2  declaration by an IEBS employee that no changes were made to the policy between the date of its

3  issuance and October 30, 2002, and that Dharam Singh's van was not listed on the policy on

4  October 28, 2002, does not in and of itself show the absence of a triable issue of fact. However,

5  because the parties have not addressed the issues raised by the insurance card at all, the Court

6  will seek supplemental briefing rather than simply denying the motion outright.[9]

7          Accordingly, the parties shall submit additional briefs, along with supporting evidence,

8  addressing the following issues: (1) the authenticity of the insurance card and (2) the relationship

9  between Evolution Insurance Brokers Specialty, Inc., the company listed as having issued the

10  insurance card, and Underwriters. Underwriters' brief shall be filed on or before January 26,

11  2005, and Defendants' briefs shall be filed on or before February 2, 2005. Each brief shall not

12  exceed ten pages, exclusive of supporting evidence.

13          IT IS SO ORDERED.

14

15

16  DATED: January 19, 2005

17

18                                          /s/ (electronic signature authorized)
                                            JEREMY FOGEL
19                                          United States District Judge

20

21

22

23  _____

24      [8] Underwriters' theory, mentioned in passing at the hearing on the instant motion, that
    Sood typed up the insurance card himself hardly is sufficient to justify granting summary
25  judgment in their favor.

26      [9] Although the coverage issue discussed above represents the Court's predominant
    concern for present purposes, the Court also notes that some of Underwriters' arguments are
27  premised on alleged knowledge and/or actions by Balbir Singh and Sood with respect to the
    October 28, 2002, fax that are disputed.
28

5

This Order has been served upon the following persons:

Maura King Gibson        mgibson@cholakian.net,, elostica@cholakian.net,
                         jcooke@cholakian.net

Daniel J. O'Rielly       orielly@gkhs.com

Timothy K. Sprinkles     tsprinkles@cslawfirm.com, steve@cslawfirm.com,
                         msc@cslawfirm.com

Jeremy Sugerman          sugerman@gkhs.com, linda@gkhs.com, geoffgc@gkhs.com

6

Case No. C 04-00021 JF
ORDER RE: SUPPLEMENTAL BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(JFLC1)